**AMERICAN FARM LINES, INC., Petitioner,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Respondents.**

**No. 80–2195.**

United States Court of Appeals, Tenth Circuit.

Aug. 3, 1982.

Charles H. White, Jr., Washington, D. C. (Steven A. Lauer, John S. Odell and Arnall, Golden & Gregory, Washington, D. C., with him on the briefs), for petitioner.

H. Glenn Scammel, Washington, D. C. (Richard A. Allen, Gen. Counsel, Kathleen M. Dollar, Acting Associate Gen. Counsel, Richard J. Favretto, Acting Asst. Atty. Gen., John J. Powers, III and Kenneth P. Kolson, Attys., Dept. of Justice, Washington, D. C., with him on the brief), for respondents.

Before McWILLIAMS, BREITENSTEIN and SEYMOUR, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The petition seeks review of an Interstate Commerce Commission order denying the removal of a restriction on a certificated authority to operate as a motor common carrier. The issues relate to statutory construction and agency procedures. Jurisdiction is conferred by 28 U.S.C. § 2344. We deny the petition for review.

Petitioner American Farm Lines, AFL, is a motor common carrier certified by the Commission. With exceptions of no present concern, petitioner's authority is limited to the transportation of freight for the United States government. Such freight accounts for over 90% of AFL's traffic.

In November, 1979, the Commission issued Ex Parte No. MC–107, *Transportation of Government Traffic*, 131 M.C.C. 845. That order contained a general finding of need for additional carriers of the traffic and concluded that the need would be served best by certifying applicants who satisfied minimal fitness standards. *American Trucking Association, Inc. v. United States*, 5 Cir., 642 F.2d 916, discusses the background for the Commission action and upholds the validity of MC–107.

To meet the potentially increased competition, AFL on March 4, 1980, petitioned the Commission for the removal of the government-only restriction in its certificate. The petition asked the Commission "to provide equitable relief for AFL *and other carriers similarly situated* * * *." [Emphasis supplied.]

MC–107 made a general finding of need. 624 F.2d at 919. On July 1, 1980, while the AFL petition was pending, the Motor Carrier Act of 1980, Pub.L. No. 96–296, 94 Stat. 793, became effective. It provides, 49 U.S.C. § 10922(b)(1), § 5 of the 1980 Act, that the Commission shall issue a certificate if the Commission finds that the applicant is fit and willing and that the proposed service will "serve a useful public service, responsive to a public demand or need." Subsection (b)(3) of § 5 provides:

"The Commission may not make a finding relating to public convenience and necessity under paragraph (1) of this subsection which is based upon *general findings* developed in rulemaking proceedings." [Emphasis supplied.]

On August 26, 1980, the Commission denied the AFL petition saying:

"AFL has in effect requested the Commission to make a prospective finding

that the public convenience and necessity requires the elimination of all government traffic restrictions in outstanding certificates. Such a finding is proscribed by Section 5 of the Motor Carrier Act of 1980, Pub.L. 96–296, 94 Stat. 793.

\* \* \* \* \* \*

AFL, or any other carrier holding a certificate with a government traffic restriction can seek to have the restriction removed by filing an application under the liberalized entry provisions in new section 49 U.S.C. § 10922(b)(1)."

AFL then filed a Petition to Reopen Ex Parte No. MC–107 (Sub-No. 1). It contended: (1) the Commission had misapplied the limiting provision of § 5 which applies only to new authority proceedings; (2) AFL sought restriction removal for itself as well as other carriers similarly situated; (3) Restriction removal is governed by § 6 of the Act, 49 U.S.C. § 10922(h); (4) The request for individual relief eliminated the need for any general finding; and (5) The Commission has pre-existing authority to remove restrictions.

Section 6, 49 U.S.C. § 10922(h), applies to restriction removal and provides in pertinent part that:

"(h)(1). Not later than 180 days after the enactment of this subsection, the Commission shall—

\* \* \* \* \* \*

(B) implement, by regulation, procedures to process expeditiously *applications of individual motor carriers* of property seeking removal of operating restrictions in order to—

(i) *reasonably broaden* the categories of property authorized by the carrier's certificate or permit;

\* \* \* \* \* \*

(v) eliminate any other *unreasonable restriction* that the Commission deems to be wasteful of fuel, inefficient, or contrary to the public interest." [Emphasis supplied.]

The Commission, on November 12, 1980, denied the Petition to Reopen. In so doing, it addressed AFL's arguments point by point. It said that the request for relief of other carriers similarly situated requires a general finding prohibited by the 1980 Act. The request for individual relief was deemed "premature as a restriction removal proceeding under the new provisions of the Motor Carrier Act of 1980." In passing, it should be noted that on December 31, 1980, the Commission promulgated regulations for restriction removal. See Ex Parte No. MC–142 (Sub-No. 1), 45 Fed.Reg. 86747–86761.

In denying the Petition to Reopen the Commission concluded:

"*In any event, what the act provides for is the removal of unreasonable restrictions or the reasonable broadening of categories of property authorized to be transported.* The new act itself authorizes issuance of certificates covering only government traffic with certain restrictions even on that traffic. Congress apparently does not consider such authorities to be too narrow or too restrictive. There is no merit in any contention that the Commission should grant American Farm's proposal under some other theory. *A request that tries to go beyond the 'reasonable broadening' provisions of the new act must be denied. As noted in the prior decision, the way for American Farm to obtain broader authority is to file applications under the liberalized entry provisions in amended 49 U.S.C. 10922(b)(1).* Individual relief is not warranted on other grounds."

During the pendency of the Petition to Reopen, AFL petitioned the Commission for restriction removal. The Commission rejected and returned the petition on the ground that the interim rules to implement the 1980 Act "did not provide for the filing of Petitions for Modification after July 3, 1980," and the AFL petition was filed after that date. The Commission noted that:

"New proposed procedures for the restrictions removal provisions of the Motor Carrier Act of 1980 will be announced in the near future."

AFL on November 20, 1980, petitioned the Commission for instructions. The Commission denied the petition on January 13, 1981, on the ground that prior decisions provided AFL with adequate guidance.

AFL says: (1) the Commission had authority to act on AFL's petition for removal of the government-only restriction in its certificate when the petition was filed, and (2) the authority was not removed by the 1980 Act. The Commission replies: (1) the requested relief for AFL and all other similarly situated carriers sought the exercise of its rule-making power the denial of which is not judicially reviewable, and (2) the Commission's actions were proper under the 1980 Act.

■ Congress has delegated to the Commission comprehensive power over the regulation of interstate commerce. *Chicago & N.W. Transportation Co. v. Kalo Brick & Tile*, 450 U.S. 311, 321, 101 S.Ct. 1124, 1132, 67 L.Ed.2d 258. The first problem is whether the Commission abused its discretion in treating the AFL petition as one for rule-making. We believe that it did not. AFL requested that the Commission "declare that government traffic limitations in existing certificates should be eliminated altogether." The petition makes numerous references to the "class" of government traffic carriers and admits membership in the class. AFL requests relief for itself and all others similarly situated.

AFL argues that the court is not bound by the label which the Commission put on the petition. We agree, but, also, the label which AFL places on its petition does not require acceptance. AFL's request for specific relief does not eliminate the request for general relief. The Commission did not abuse its discretion by treating the petition as one for rule-making. See *Rocky Mountain Motor Tariff Bureau, Inc. v. Interstate Commerce Commission*, 10 Cir., 590 F.2d 865, 868. The situation was changed by the passage of the 1980 Act. The situation must be appraised in the light of that act.

AFL relies on § 6 of the Act which applies to removal of operating restrictions. The Commission is required to implement the Act by regulations or procedures to process expeditiously applications of individual motor carriers for removal of operating restrictions.

■ The Commission relies on § 5 which says that findings of need shall not be based on general findings developed in rule-making proceedings. When a problem of statutory construction is presented, the courts show "great deference to the interpretation given the statute by the officers or agencies charged with its administration." *Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616; see also *E. I. du Pont de Nemours & Co. v. Collins*, 432 U.S. 46, 54–55, 97 S.Ct. 2229, 2234, 53 L.Ed.2d 100. The deference "is heightened when the case involves the construction of a new statute by its implementing agency." *Natural Resources Defense Council, Inc. v. Train*, D.C.Cir., 510 F.2d 692, 706. The Commission's interpretation of the 1980 statute, applying § 5, was reasonable and we accept it.

The AFL claim of inconsistent and discriminatory treatment does not impress us. No need exists to explore the procedural technicalities. As required by § 6 of the 1980 Act, the Commission has adopted final rules covering the removal of restrictions from authorities of motor carriers of property. Ex Parte No. MC–142 (Sub-No. 1), 45 Fed.Reg. 86747–86761. AFL has an available right to apply for the removal of the restrictions of which it complains.

The orders of the Commission are severally affirmed without prejudice to the right of American Farm Lines to apply for restriction removal under the pertinent Commission rules.